UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN F. CARUSO,

    Plaintiff,

v.                             Case No. 8:14-cv-539-T-33AEP

GALENCARE, INC. d/b/a NORTHSIDE
HOSPITAL,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Galencare, Inc., doing business as, Northside Hospital's 12(b)(6) Motion to Dismiss Counts I Through III of Plaintiff's Complaint (Doc. # 7), filed on March 31, 2014. Plaintiff John F. Caruso filed a response in opposition to the Motion on May 1, 2014. (Doc. # 15). For the reasons stated below, the Motion is granted in part and denied in part.

**I.  Background**

In June of 2011, Caruso entered into an employment agreement with Northside Hospital to serve as a resident physician as part of Northside Hospital's internal medicine residency program. (Doc. # 2 at ¶ 4). On December 3, 2012, Caruso requested and was granted a leave of absence from the residency program to attend to a family emergency. (Id. at ¶

5). Upon his return from leave, on December 17, 2012, Caruso was advised by the Director of Northside Hospital's residency program that he would receive "poor evaluations and grades for his performance as an internal medicine resident and was in danger of being terminated from the program." (Id. at ¶ 6). Immediately thereafter, Caruso resigned by means of a handwritten letter of resignation. (Id.). According the complaint, "Although it was not necessary for [Northside Hospital] to accept [Caruso's] resignation for it to be effective, [Northside Hospital] nevertheless accepted [Caruso's] resignation." (Id.).

Later, also on December 17, 2012, Caruso was advised by the Director of Medical Education for Northside Hospital that Northside Hospital "determined not to recognize [Caruso's] previously accepted resignation." (Id. at ¶ 7). Caruso was further advised that he was required to attend a meeting on December 20, 2012, with the Director of Medical Education. (Id.). Caruso declined to attend as he already resigned and was under the belief that Northside Hospital had accepted his resignation. (Id.).

As a result of Caruso's failure to attend the meeting, Northside Hospital claims to have "terminated" Caruso's employment and participation in the internal medicine

2

residency program. (Id.). In February of 2013, "authorized representatives of [Northside Hospital] advised certain third parties that [Caruso's] employment was terminated by [Northside Hospital] on December 20, 2012." (Id. at ¶ 8).

As a result, Caruso initiated this action in the Circuit Court for Pinellas County, Florida, asserting the following counts: (1) Declaratory Relief; (2) Breach of Contract; (3) Slander; and (4) Family and Medical Leave Act (FMLA) Violation. (See Doc. # 2). On March 4, 2014, Northside Hospital removed the action to this Court, maintaining that federal question jurisdiction exists in this case as the complaint asserts a claim under the FMLA. (See Doc. # 1).

On March 31, 2014, Northside Hospital filed the instant Motion pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 7). Caruso filed a response in opposition to the Motion on May 1, 2014. (Doc. # 15). This Court has reviewed the Motion and the response thereto, and is otherwise fully advised in the premises.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).

3

Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

4

### III. Analysis

Northside Hospital contends that counts I, II, and III should be dismissed as each count fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

#### A. Count I - Declaratory Relief

In count I of the complaint, Caruso submits that he is "in doubt as to the nature of the ending of his relationship as a resident in training and as an employee with [Northside Hospital]" (i.e., whether he "resigned" or was "terminated"). (Doc. # 2 at ¶ 12). Specifically, Caruso maintains that he resigned from his position on December 17, 2012, whereas Northside Hospital contends it terminated Caruso on December 20, 2012. (Id. at ¶¶ 10-11). Therefore, Caruso brings count I for declaratory relief so that this Court can determine Caruso's relationship with Northside Hospital.

In the Motion, however, Northside Hospital argues that "a request for a factual determination is inappropriate in a declaratory judgment action," and therefore, Caruso's count for declaratory relief is inappropriate. (Doc. # 7 at 3-5)(citing Mendez-Arriola v. White Wilson Med. Ctr. PA, No. 3:09-cv-495/MCR/EMT, 2011 WL 3269451, at *7 (N.D. Fla. July 29, 2011)(declaratory relief is inappropriate where the complaint effectively seeks a declaration of breach and

5

damages rather than declaration of parties' rights under contract). Conversely, Caruso provides that "The purpose of declaratory relief is 'to afford parties relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations.'" (Doc. # 15 at 2)(quoting <u>Coalition for Adequacy & Fairness in Sch. Funding v. Chiles</u>, 680 So. 2d 400, 404 (Fla. 1996)). To that end, Caruso submits that he has a "bona fide, actual, present and practical need for a determination as to whether he voluntarily resigned from his employment with [Northside Hospital] or was terminated." (Doc. # 15 at 3).

Pursuant to Florida Statutes, section 86.011:

> The circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed. No action or procedure is open to objection on the ground that a declaratory judgment is demanded. The court's declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment. The court may render declaratory judgments on the existence, or nonexistence:
>
> (1) Of any immunity, power, privilege, or right; or
>
> (2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise

> in the future. Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent, or supplemental relief in the same action.

Fla. Stat. § 86.011.

In order to bring a declaratory judgment action, there must be a bona fide dispute between the parties and an actual, present need for the declaration. *Britamco Underwriters, Inc. v. Cent. Jersey Invs., Inc.*, 632 So. 2d 138, 139 (Fla. 4th DCA 1994). The Florida Supreme Court articulated the test as follows: "[t]here must be some doubt as to the proper interpretation of the written contract or as to the existence or non-existence of some right, status, immunity, power or privilege under the written contract, and that a construction thereof is necessary in order to determine the rights of a party having such doubt as to the meaning of the contract." *Argus Photonics Grp., Inc. v. Dickenson*, 841 So. 2d 598, 600 (Fla. 4th DCA 2003)(quoting *Columbia Cas. Co. v. Zimmerman*, 62 So. 2d 338 (Fla. 1952)). The existence of factual issues does not preclude entry of a declaratory judgment as Fla. Stat. § 86.011 provides that courts have the power to not only render declaratory judgments on the existence of rights, but also on "any fact upon which the existence or nonexistence

of such . . . right does or may depend . . . ." Argus, 841 So. 2d at 600.

Here, as pled, the Court is not convinced that count I presents a proper basis for declaratory relief (i.e., to determine whether he "resigned" or was "terminated"). Specifically, Caruso has failed to adequately demonstrate how such a factual determination is necessary to decide his right, status, immunity, power or privilege under his employment agreement. Therefore, the Court grants Northside Hospital's Motion as to count I. However, count I is dismissed without prejudice so that Caruso may have an additional opportunity to file an amended complaint demonstrating how it is appropriate for this Court to provide the declaratory relief sought.

### B. Count II – Breach of Contract

In count II, Caruso contends that "[Northside Hospital's] decision to attempt to rescind its acceptance of [Caruso's] resignation and, thereafter, to terminate [Caruso's] employment . . . violates its obligation to deal with [Caruso] fairly and in good faith." (Doc. # 2 at ¶ 15). According to Northside Hospital, Caruso has failed to adequately allege a claim for the implied covenant of good faith and fair dealing. (Doc. # 7 at 6). Namely, the complaint

8

fails to allege a "breach of an express term of the agreement and instead vaguely references a good faith breach of 'any right [Northside Hospital] may have had, pursuant to the employment agreement . . . not to accept Caruso's resignation.'" (Id.).

> Under Florida law, every contract contains an implied covenant of good faith and fair dealing, requiring that the parties follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations. A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation.
>
> [A] claim for a breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract.

Centurion Air Cargo, Inc. v. United Parcel Serv. Co., 420 F. 3d 1146, 1151-52 (11th Cir. 2005)(internal citations omitted).

Upon review of the complaint, the Court finds that Caruso has failed to allege how Northside Hospital breached an express term of the employment agreement. In fact, the section devoted to count II is devoid of any provision of the employment agreement. Accordingly, the Court grants Northside Hospital's Motion to Dismiss as to count II. However, this

count is dismissed without prejudice so that Caruso may have an additional opportunity to adequately state a claim for breach of the implied covenant of good faith and fair dealing, if possible.

### C. Count III – Slander

In count III, Caruso asserts a claim for slander. Under Florida law, in order for a plaintiff to recover for slander, a plaintiff must demonstrate: (1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4) the party suffered damages as a result of the publication. Thompson v. Orange Lake Country Club, Inc., 224 F. Supp. 2d 1368, 1376 (M.D. Fla. 2002).

According to the complaint, in February of 2013, Northside Hospital "stated to one or more third parties, including to representatives of the Florida Board of Medicine, that [Caruso] was terminated from his position as a resident in training as a result of 'performance deficiencies' allegedly exhibited by [Caruso]." (Doc. # 2 at ¶ 17). "The statements made by representatives of [Northside Hospital] were false and were intended to degrade and injure [Caruso] in his good name and reputation." (Id. at ¶ 18). As a result of Northside Hospital's conduct, Caruso "was injured in his good name, credit and reputation and was brought into

public scandal and disgrace. Caruso has suffered mental anguish and has been injured in his profession by having lost opportunities to continue in his medical training." (Id. at ¶ 19).

In the Motion, Northside Hospital submits that Caruso's slander claim is insufficient as it "generally describes the defamatory speaker 'Defendant" without identifying any particular person [,] . . . only generally describes the allegedly slanderous statement as being a representation by 'Defendant' that [Caruso] was terminated for 'performance deficiencies[,]'" and fails to provide a time frame within which the publication occurred. (Doc. # 7 at 10)(citing Jackson v. N. Broward Cnty. Hosp. Dist., 766 So. 2d 256, 257 (Fla. 4th DCA 2000)(dismissing defamation count because complaint failed to specifically identify the persons to whom the alleged defamatory comments were made and failed to link a particular remark to a particular defendant)).

However, upon review of the complaint and taking all of the factual allegations in the complaint as true, this Court finds that Caruso has sufficiently alleged a claim for slander. To survive the present Motion, Caruso need not prove any element of his claim against Northside Hospital, but instead need only satisfy the meager pleading standard of

11

Fed. R. Civ. P. 8(a), as described above. This standard is liberal, and to satisfy Rule 8(a) the complaint need only specify allegations in a manner that provides Northside Hospital with fair notice of Caruso's slander claim and the grounds upon which it rests, which Caruso has done. See Leavitt v. Cole, 291 F. Supp. 2d 1338, 1341 (M.D. Fla. 2003)("A slander claim may suffice if it sets forth the allegedly slanderous statement and *generally* describes the manner and to whom it was uttered."(emphasis added)). Accordingly, Northside Hospital's Motion to Dismiss is denied as to count III.

### D. Immunity of Northside Hospital

In its Motion, in an effort to defend against Caruso's claims, Northside Hospital provides that it is immune from Caruso's slander and breach of contract claims. First, Northside Hospital contends that it is immune based on peer review immunity – Fla. Stat. § 395.0193(5):

> (5) There shall be no monetary liability on the part of, and no cause of action for damages against, any licensed facility, its governing board or governing board members, peer review panel, medical staff, or disciplinary body, or its agents, investigators, witnesses, or employees; a committee of a hospital; or any other person, for any action taken without intentional fraud in carrying out the provisions of this section.

12

Fla. Stat. § 395.0193(5).

According to Northside Hospital, "to avoid dismissal based on peer review immunity, the statute requires allegations of intentional fraud in order to state a claim for damages resulting from a hospital[] carrying out . . . its peer review obligations." (Doc. # 7 at 7); see Fla. Stat. § 395.0193(5). Northside Hospital argues that Caruso "has alleged nothing to suggest that Northside [Hospital] engaged in intentional fraud in terminating him from its residency program for poor performance evaluations by the supervising physicians at Northside [Hospital] and unsatisfactory grades." (Id.).

Northside further contends that it is immune from suit based on statutory immunity for reports of disciplinary actions by hospitals - Fla. Stat. § 458.337, which "provides that Florida's medical board must be notified when any physician has been removed or suspended or has had any other disciplinary action taken by his or her peers within any professional medical association." (Id. at 7-8); see Fla. Stat. § 458.337(1)(a)(1).

Furthermore, Northside states that its alleged statement to the Florida Board of Medicine is "privileged by common law

13

as a communication between two entities with a common interest: to have well-qualified medical residents practicing medicine in the state's licensed hospitals." (Doc. # 7 at 9). In response, however, Caruso contests the applicability of Fla. Stat. §§ 395.0193(5) and 458.337 and the common law privilege to the facts of this case.

"Generally, immunity is an affirmative defense that should be pled by the party asserting it, and which may thereafter be considered after the facts are fleshed out by summary judgment or trial. There may, however, be exceptional cases in which the facts giving application to the defense are clearly apparent on the face of the complaint, in which case the defense may be raised by motion to dismiss." Fariello v. Gavin, 873 So. 2d 1243, 1245 (Fla. 5th DCA 2004).

At this stage of the proceedings, the Court finds it inappropriate to make a fact-intensive determination as to whether Northside Hospital is immune and its communication privileged from Caruso's breach of contract and slander claims. See id. (explaining that immunity is "a fact intensive issue" that may be raised in a motion to dismiss only in "exceptional cases in which the facts giving application to the defense are clearly apparent on the face of the complaint."); Kirvin v. Clark, 396 So. 2d 1203, 1204 (Fla.

14

1st DCA 1981)(finding that the privilege defense was "not disclosed by the allegations of the amended counterclaim and therefore may not be asserted in a motion to dismiss, but rather must be pleaded as a defense.").

Here, it is not clear from the four corners of Caruso's complaint that the immunity and privilege defenses raised by Northside Hospital apply to Caruso's breach of contract and slander claims. Specifically, it is unclear whether Northside Hospital's allegedly slanderous comments were made "in the process of investigating and disciplining" Caruso or whether Northside Hospital implicated its peer review process when communicating with the Florida Board of Medicine. See Fla. Stat. § 395.0193(5). Furthermore, the factual allegations in the complaint do not make it apparent that Caruso was "removed, suspended, or has had any other disciplinary action" taken against him as provided in Fla. Stat. § 458.337(1)(a)(1).

Therefore, at this juncture, a motion to dismiss is not the proper vehicle to hash out the applicability of Northside Hospital's immunity and privilege defenses to Caruso's claims. That inquiry is more appropriate at the motion for summary judgment stage of the proceedings when this Court has the benefit of considering matters outside the pleadings.

15

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Galencare, Inc., doing business as, Northside Hospital's 12(b)(6) Motion to Dismiss Counts I Through III of Plaintiff's Complaint (Doc. # 7) is **GRANTED** in part and **DENIED** in part as provided herein.

(2) Plaintiff John F. Caruso may file an amended complaint by May 20, 2014.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of May, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record